```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MIGUEL AZCONA                      :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :   Case No. 3:15-CV-00096 (RNC)
                                   :
WAL-MART STORES, INC.,             :
                                   :
     Defendant.                    :
                                   :
```

RULING AND ORDER

Plaintiff brings this suit against his former employer, Wal-Mart Stores, Inc., alleging that it discriminated against him on the basis of his disability. Wal-Mart has moved to dismiss. For the reasons that follow, the motion is granted in part and denied in part.

I. Background

Plaintiff, who is deaf, was hired by Wal-Mart as a maintenance employee in March 2013. Compl. (ECF No. 1-1) ¶¶ 2, 7. To communicate with his supervisors, plaintiff used his phone to type out messages or wrote messages on a pad of paper. Id. ¶ 10. He also gestured and acted out what he intended to communicate. Id.

A month after plaintiff was hired, in April 2013, Wal-Mart changed its policy and no longer permitted plaintiff to use his phone to type out messages. Id. ¶ 13. Around this time, the store manager began complaining that plaintiff's sneakers were

1

making "too much noise" and because of this he was relegated to certain areas of the store and isolated from customers and other co-workers. Id. ¶¶ 14-16. Plaintiff was also prohibited from leaving the store during his breaks and lunch. Id. ¶ 15. Plaintiff felt like an outcast and although he could not hear, he could tell his managers were disparaging him and his co-workers were mocking him by pointing at him and moving their mouths to simulate talking without saying words. Id. ¶¶ 19-20.

In an attempt to ameliorate the sneaker situation, plaintiff tried four different pairs but was nonetheless informed that his co-workers were laughing at and gossiping about him. Id. ¶¶ 21-22. Plaintiff's managers continued to complain that his sneakers made too much noise. Id. ¶ 26. When plaintiff asked family members if his sneakers were noisy he was assured they were not. Id. ¶ 28.

Plaintiff was promoted to supervisor in August or September 2013 but the comments about his noisy sneakers persisted. Id. ¶ 31-32. In addition, Wal-Mart's managers began making announcements over the loudspeaker and after these announcements finished, customers would immediately walk away from plaintiff. Id. ¶ 35. Two of plaintiff's direct supervisors stopped communicating with him and Wal-Mart began deducting money out of his paycheck for cleaning supplies that plaintiff used to clean-up messy aisles and paper that plaintiff used to print his

schedule and pay stubs.  Id. ¶ 37, 39-40.  As a result of the complaints, disparagement and mockery, plaintiff resigned from Wal-Mart on January 5, 2014.  Id. ¶ 42.

Plaintiff's complaint alleges that Wal-Mart violated the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 1201, et seq., and the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 1201, et seq.  Wal-Mart has moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

II. Standards of Review

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint.  Id.  Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings, such as affidavits."  Zappia Middle East Contr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

A Rule 12(b)(6) motion, on the other hand, tests a complaint's legal sufficiency.  To withstand such a motion, "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Review under Rule 12(b)(6) occurs in two steps. First, the court must separate the complaint's well-pleaded factual allegations from its legal conclusions. Id. Well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," must be disregarded. Id. Second, the court must determine whether the well-pleaded facts in the complaint support a plausible inference that the plaintiff is entitled to relief. Id. at 679. This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting Twombly, 550 U.S. at 556). A complaint containing facts "that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

III. Discussion

Plaintiff has agreed to voluntarily withdraw his CFEPA aiding and abetting claim (Count Two). See Pl.'s Opp. (ECF No. 20) at 8. Following this, all that remains is plaintiff's CFEPA claim (Count One) and his ADA claim (Count Three).

A.  <u>Exhaustion</u>

Wal-Mart argues that plaintiff's CFEPA claim (Count One) should be dismissed for lack of subject matter jurisdiction because plaintiff did not exhaust administrative remedies at the Commission on Human Rights and Opportunities (CHRO).[1]  "Before bringing a CFEPA claim in federal court, a plaintiff must first exhaust her administrative remedies." <u>Ghaly v. Simsarian</u>, 3:04-CV-01779 (ATW), 2009 WL 801636, at *5 (D. Conn. March 26, 2009). Plaintiff does not contend that his CFEPA claim was presented to the CHRO.  Rather, he argues that his claim should be excepted from exhaustion because he seeks attorneys' fees, compensatory damages and punitive damages, which the CHRO lacks authority to grant.

In support of his position, plaintiff cites two cases in which the Connecticut Superior Court excused exhaustion when the complaint sought relief the CHRO is not authorized to provide. <u>See</u> <u>Dinegar v. Univ. of New Haven</u>, No. 378256, 1995 WL 749533, at *1 (Conn. Super. Ct. Nov. 30, 1995); <u>Cross v. Nearine</u>, No. CV94 0538675S, 1995 WL 91411 (Conn. Super. Ct. Feb. 17, 1995).  These cases are no longer good law.  <u>See</u> <u>Hayes v. Yale-New Haven Hospital</u>, 82 Conn. App. 58, 59 n.2 (2004)(CFEPA claim properly dismissed due to plaintiff's failure to obtain release from the

---

[1] Wal-Mart does not argue that plaintiff failed to exhaust his ADA claim.

CHRO); Li Li v. Canberra Inds., No. CV040489573, 2010 WL 3326744, at *11 (Conn. Super Ct. July 23, 2010)(the appellate court decision in Hayes resolved a split among the trial courts and made it clear that a claimant must first file a complaint with the CHRO before initiating a private action).

Accordingly, the CFEPA claim is dismissed.

B.  Failure to State a Claim

Wal-Mart argues that plaintiff's ADA claim, which alleges both constructive discharge and a hostile work environment, must be dismissed for failure to state a claim on which relief can be granted.[2] To state a claim for constructive discharge, a plaintiff must allege that: (1) the defendant intentionally created an intolerable work environment and (2) a reasonable person subjected to the working conditions experienced by the

---

[2] Plaintiff's opposition states that although the Second Circuit has yet to determine whether the ADA gives rise to a hostile work environment claim, many courts within the Circuit have found that it does. See Giambattista v. Am. Airlines, Inc., 584 F. App'x 23, 25 n.2 (2d Cir. 2014) ("[T]his court has not yet decided whether a hostile work environment claim is actionable under the ADA . . . ."); Dollinger v. N.Y. State Ins. Fund, No. 3:14-CV-00908 (MAD/DEP), 2015 WL 1446892, at *12 (N.D.N.Y. Mar. 30, 2015) (recognizing ADA hostile work environment claim); Lewis v. Boehringer Ingelheim Pharmaceuticals, Inc., No. 3:12-cv-406 (JBA), 2015 WL 106057, at *15 (D. Conn. Jan. 7, 2015) (same). Because Wal-Mart does not contest this, this Court will assume for the purpose of this motion that such a claim is actionable.

Plaintiff's opposition also states that Wal-Mart is vicariously liable for the actions of its co-workers and supervisors. Because Wal-Mart does not contest this, this Court will assume for the purpose of this motion that Wal-Mart may be held vicariously liable.

plaintiff would have felt compelled to resign.  Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 161 (2d Cir. 1998).  To state a hostile work environment claim, a plaintiff must allege that "based on the totality of circumstances, the workplace was permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  Lewis v. Boehringer Ingelheim Pharmaceuticals, Inc., No. 3:12-cv-406 (JBA), 2015 WL 106057, at *14 (D. Conn. Jan. 7, 2015) (quoting De La Cruz v. Guilliani, No. 00CIV7102(LAK)(JCF), 2002 WL 32830453, at *9 (S.D.N.Y. Aug. 26, 2002)).  Plaintiff has plausibly alleged both a constructive discharge and a hostile work environment claim.

Taking the allegations in the complaint as true, for a period of approximately nine months Wal-Mart managers or employees: (1) precluded plaintiff from typing out messages on his phone, one of his only means of communication, Compl. (ECF No. 1-1) ¶ 13; (2) complained about and ridiculed him because of his noisy sneakers, making him feel like an outcast, id. at ¶¶ 19-22, 29-30; (3) prohibited him from going outside for lunch and accessing certain parts of the store and reprimanded him for walking outside certain designated areas, id. ¶ 16; (4) deducted money from his paychecks for cleaning supplies and paper he used in connection with his work, id. ¶¶ 39-41; (5) made disparaging

comments about him over the loudspeaker, id. ¶ 35; (6) laughed at him and mocked him by pointing at him and moving their lips to simulate talking without saying words, id. ¶¶ 14-15, 19-20, 26, 37; and (7) eventually stopped communicating with him altogether, id. ¶¶ 39-40.  A reasonable person could infer from the totality of these facts that plaintiff "was not wanted as an employee and that he was going to be forced out of" his employment.  Terry v. Ashcroft, 336 F.3d 128, 152 (2d Cir. 2003); see Chertkova v. Conn. General Life Ins. Co., 92 F.3d 81, 90 (2d Cir. 1996) ("Certain factors, standing alone, are legally insufficient to support constructive discharge. . . . But the effect of a number of adverse conditions in the workplace is cumulative.").  Similarly, a reasonable person could infer that plaintiff's workplace was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [plaintiff]'s employment."  Lewis, 2015 WL 106057, at *14.

III. Conclusion

Accordingly, defendant's motion to dismiss is hereby granted in part and denied in part.  Count one is dismissed without prejudice and count two is deemed withdrawn.  The action will proceed as to count three.

So ordered this 30th day September, 2015.

                                                    /s/ RNC
                                          Robert N. Chatigny
                                    United States District Judge